Gaston, Judge
 

 After stating the material facts as above, proceeded: — In support of this prayer, it is urged that as
 
 Bryan,
 
 at the time of the assingment, was insolvent, and as the assignment was made not in consideration of value, hut as a mere
 
 security for
 
 pre-existing debts, the assignees have succeeded to no other rights
 
 *359
 
 than those which belong to
 
 Bryan,
 
 and the judgment is yet subject to every equity which attaciiod to the claim,
 
 while
 
 it was his property. Admitting this argument to be correct, it becomes necessary to enquire whether the plaintiff had a right to set off the decree against this claim while it remained the property of
 
 Bryan.
 
 The court is of opinion, that by the law of a Court of Equh ty, the plaintiff ivas not entitled to the set-off against
 
 Bryan.
 
 It is true that before any statute was ever enacted for setting off mutual debts, Chancellors had adopted the rule of natural justice which obtained in the civil law, under the title of “compensation,” and according to which, where the same person was both the creditor and debtor of another person, the mutual obligations to the extent of their.concurrence,extinguish? ed each other. But in the civil lawr, “compensation” did not obtain except between debtors and creditors in their own right, and a debt in one right was not per* mitted to be set off against a debt in another right — ? See
 
 Whitaker
 
 v.
 
 Bush, (Ambler
 
 407,) citing
 
 Digest l
 
 16, § 3
 
 L.
 
 23,
 
 and l
 
 16
 
 Tit.
 
 2
 
 L.
 
 14. See also 1
 
 Fothieron obligations
 
 373. Nor since the adoption of the doctrine of “compensation,” or set off, have I been able to find any case of acknowledged authority in which, except under very peculiar circumstances, the rule of mutuality has . been departed from. The general principle lias been repeatedly and expressly asserted,that in equity, as at law, tiicre can be no set-off where either of the debts is in
 
 auler droit. (Medlicott
 
 v.
 
 Bowes, 1 Ves.
 
 207.
 
 Chapman
 
 v.
 
 Derby,
 
 2
 
 Ver.
 
 117.
 
 Exparte Oxenden,
 
 1
 
 Atks.
 
 237.
 
 Bishop
 
 v.
 
 Church,
 
 3
 
 Atks.
 
 691.
 
 Harvey
 
 v.
 
 Wood, 5 Mad.
 
 409.
 
 Gale
 
 v.
 
 Luttrell,
 
 1
 
 Young
 
 &
 
 Jarvis
 
 180.-There are cases indeed in which the rule is departed from in appearance, but it is upheld in its spirit- Where a connection can be traced between the demands-where there is an agreement that one should liquidate the other, either expressly proved, or implied from mutual credits-n-where the set-off has been prevented by-fraud, as in
 
 Exparte Stephens, (11 Vesey,
 
 24,) explained in
 
 Exparte Blagden,
 
 (19 Ves. 467,) these are sometimes
 
 *360
 
 spoken of as instances of a more extended application of the doctrine of set off in equity, than is permitted at daw, but if so, such application prevails, because the jurisdiction of a court of equity is not so trammelled, wi#ifbrm$, as that of a court of law. These are not cases of
 
 exception
 
 to tiie principle of mutuality, but of
 
 assertions
 
 of the principle, so made, as to operate upon >the truth of the transaction. It has been said, (and •how this may be is not material to the present quesfem,); tliat exceptions do exist' fn the peculiar jurisdiction which the English Chancellors administer under the Bank* ¡rupt Laws, Lord
 
 -Rosslyn
 
 lias so decided in
 
 Ex parte Quinten,
 
 (3
 
 Ves.
 
 248) butrthis decision was disapproved by Lord'
 
 Eldon in Ex parte Twogood,
 
 (11
 
 Ves.
 
 517,) and in
 
 Ex parte Flint,
 
 (1
 
 Swans.
 
 33.) The general law of a Court of Equity certainly is, that the debts or credits which are the subjects of set-off; must be mutual, ami due to and from the same persons in the same capacity.
 
 (Dale
 
 v. Cook, 4
 
 Johns. ch.
 
 17,
 
 Rep. 11
 
 .
 
 )
 
 The debts here sought to be set off, were not due to, and between the-same persons. 'The-plaintiff awed the defeadianí
 
 Bryawr
 
 but the defendant did not owe the plaintiff.
 
 His
 
 debt \yas to the estate
 
 oi Josiah Bladiman
 
 and the estate of
 
 Esther Blackman,
 
 of which estates,
 
 SelVers
 
 is but the legal curator or administrator. On the death of the plaintiff, the interest in the decree1 will not pas» to
 
 Ms
 
 representatives, but be confided to the keeping of another curator. It could not be pretended that the- defendant might insist that his personal demand against the •plaintiff, should be applied as a set-off to the decree which the plaintiff obtained in- his capacity of aAaóñaiüs--trator. And there must be something very peculiar in the case, which would nevertheless authorise the plaintiff to require that such a decree-sfe«u,Id be set-off against -such a demand.
 

 The only circumstance relied upon to- take this case out of the operation of the rufe rebuilding Minimal! ty as essential to the set-off, is the insolvency of
 
 Bryan.
 
 I am unable to discover any satisfactory reason, why this circumstance' ought to produce such a resuit. Insol ven-
 
 *361
 
 cy may deprive a debtor of the right to assign Or dis* pose of his property, so as to defeat any equitable -liens upon it, but insolvency does not of itself
 
 create
 
 a lie'll which did not before exist. It has also been insisted, that as the plaintiff’s wife is entitled to a distributive share of the estates of
 
 Josiah
 
 and
 
 Esther Blackman,
 
 the plaintiff, to the extent of this share in the decree, should be regarded in equity,Ss thecreditor of the defendant
 
 Br§om,
 
 ¡and thus there is the necessary mutuality-. This position cannot %e maintained. In the first place the plaintiff’s wife is not entitled to a specific part of this decree, but to a share w. the nett amount of personal -assets-to be divided ¡among the next v/T'kin, This cannot be ascertained 'without ¡an account between the administrator and next of kin, and that account cannot he taken iii
 
 &
 
 ■suit to which the next of kin arc not parties. Nor do I ¡apprehend the court will restrain a creditor from the collection of his debt “until all these accounts are cleared, in order to see what rights of set-off there may be in the result.”
 
 (Ex parte, Twogood,
 
 11
 
 Ves.
 
 518.) In the next place, the plaintiff’s wife is not a party to this ¡suit, as she necessarily must be in every case where
 
 her
 
 rights are to be asserted ; and finally, were sj^aparty, there would be a fatal want of mutuality-. The debt which
 
 Bryan
 
 owes
 
 her
 
 cannot be set-off against a debt which her husband owed
 
 Bryan.
 
 This point, rf any authority were needed to establish it, was expressly atl- ‘ Judged in
 
 ex parte Elagden
 
 (19
 
 Ves. 465.)
 

 In equity, a debt due husband and wife cannot ba «et-oitffigsínst'one due by the hun-band alone.
 

 If these views be correct, it would seem necessarily to follow-, ¡that fire plaintiff cannot have the relief which lié prays for, unless he can set aside the assignment to
 
 Thompson
 
 and others, as fraudulent and void. If it? he fraudulent, then the judgment which was rendered against the plaintiff is to be regarded as a judgment obtained by
 
 Bryan,
 
 and the plantiff’s ease may be brought within the operation of another principle of equity,,
 
 at
 
 rather of the same principle somewhat modified in its application, which allows judgments to extinguish each other, when the money to be paid by one of the partici can be x’eclaimed by him from the party Who iff W re*
 
 *362
 
 ceive it. This principle lias been asserted to á greater extent than that which is more generally termed set-off. It was allowed in the case
 
 of Mitchell
 
 v.
 
 Oldfield, (4 Term
 
 Rep. 123,)jand in
 
 Simpson
 
 v.
 
 Hart,
 
 (14 Johns. R.62,) where a judgment recovered by C against A and B was set off by a judgment recovered by A, against C, because» notwithstanding C’s judgment was joint, the whole liability of it might be pressed against A only* This deviation from a rule of strict mutuality, which ordinarily forbids joint debts to be opposed to separate debts, by way of set-off, instead of inducing either courts of equity or courts of law, in the exercise of their equitable jurisdiction over their suitors,to deviate yet further, and to disregard still more the analogies furnished by the legist lative rules of set-off, has lately had the effect of rendering them more obseLwant of such analogies. It becomes linnecesSillT to examine, however, whether in the case
 
 supposed,
 
 this principle of natural equity can be invoked ^ ^,e There is no pretence for treating the assignment as fraudulent, unless it be bad faith for an insolvent debtor to prefer one set of creditors to another, where the law has not attached a specific lien on the proj^ty, by the conveyance of which,the preference is given. The assignees here wei'e
 
 bona jide
 
 assignees» and by the assignment of
 
 Bryan,
 
 took his claim, such as it then was, and do not require for their protection higher rights than those which followed on an honest transfer of the debt. When the judgment was rendered» against which the plaintiff asks this relief, it was
 
 in ¡aw
 
 tlie judgment of
 
 Fellows,
 
 and in equity, the judgment of the assignees. The money to be collected upon it,is not to be received by
 
 Bryan,
 
 but by his co-defendants, and
 
 ■their
 
 property cannot be taken for the satisfaction of Ais debts. No case has been produced which will warrant a’creditor in demanding that a judgment obtained against him by the assignee of his debtor,shall be deducted out of his judgment against such debtor. The case of
 
 Doe
 
 v. Darnton, (3
 
 East
 
 149), is an authority in point,that the judgment of the
 
 legal
 
 assignees of an insolvent debt-•er, cannot be thus appropriated, and we see no reason
 
 *363
 
 which calls for a different rule as to the judgment of assignees in fact. •
 

 
 *362
 

 S I**?
 
 fora debt” or to prefer one t°”aotherCre<i*t0r
 

 
 *363
 
 _ It is the opinion of the Court, that the plaintiff’s bill must be dismissed with costs.
 

 Per Curiam — Bill Dissmisseb.